## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JEREMY DEIBEL AND REBECCA DEIBEL** | * | **CIVIL ACTION:** |
| | * | |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **STATE FARM FIRE AND CASUALTY COMPANY** | * | **SECTION:** |
| | * | |
| | * | **MAGISTRATE:** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### NOTICE OF REMOVAL

Defendant State Farm Fire and Casualty Company ("State Farm"), through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes this matter from the 21st Judicial District Court for the Parish of Tangipahoa to this Court, representing as follows:

1.     On May 19, 2023, Plaintiffs Jeremy Deibel and Rebecca Deibel ("Plaintiffs") filed a "Motion for Expedited Order to Compel Appraisal and Incorporated Memorandum" in Case No. 2023-1654 (the "Petition") in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.  *See Exhibit A.*  Plaintiffs allege that their home sustained damage during Hurricane Ida and that the property was, at that time, insured by a policy issued by State Farm (the "Policy").  Plaintiffs seek contractual damages under the Policy, statutory penalties, and a judgment compelling State Farm to fully and completely participate in the appraisal process provided for in the Policy.

2.     Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiffs and State Farm.

3.    Plaintiffs assert claims against State Farm related to State Farm's handling of their insurance claim following Hurricane Ida.  Generally, Plaintiffs allege their property sustained damage during Hurricane Ida, resulting in damage to the covered property.  *See Exhibit A*, ¶ 7.  Plaintiffs contend they have provided State Farm with proof of loss in the form of an estimate prepared by JND Logistics, LLC and therefore State Farm was "fully apprised by written itemization as to [a] specific dispute regarding the assessment of property damages arising from Hurricane Ida."  *Id.*, ¶ 12.  Plaintiffs further assert that State Farm "has failed to tender payment for the undisputed . . . damages" under the Policy.  *Id.*, ¶ 20.  Further still, Plaintiffs allege that State Farm's "willful failure to tender full and/or undisputed payment . . . and knowing refusal to comply and participate in the appraisal process . . . was arbitrary, deficient, untimely, and in 'bad faith'" under La. R.S. 22:1892 and 22:1973.  *Id.*, ¶ 29.  Consequently, Plaintiffs claim they are entitled to additional compensation under the Policy and statutory penalties.  *Id.*, ¶¶ 13, 31.  In addition, Plaintiffs seek a judgment compelling State Farm's "full and complete participation in the appraisal process and appointment of an Umpire" pursuant to the Policy and La. R.S. 22:1892(G).  *Id.*, ¶ 22.

4.    State Farm did not file an Answer in state court prior to removal, and thus will file its initial responsive pleadings in accordance with Federal Rule of Civil Procedure 81(c).

5.    State Farm now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing of Notice of Removal in the state court in which this case was previously pending.

## I.    GROUNDS FOR REMOVAL

6.    This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4328533v.1

A.    **Complete Diversity Exists Between the Parties.**

7.    The Petition alleges that the Plaintiffs, Jeremy Deibel and Rebecca Deibel, are domiciliaries of Tangipahoa Parish, Louisiana. *Exhibit A*, ¶ Preamble.  Accordingly, Plaintiffs are considered citizens of Louisiana for the purposes of diversity jurisdiction.

8.    State Farm Fire and Casualty Company is a foreign insurance corporation organized and incorporated under the laws of the State of Illinois with its principal place of business in the State of Illinois.  Thus, State Farm is a citizen of the State of Illinois under 28 U.S.C. § 1332(c)(1).

B.    **The Amount in Controversy Exceeds $75,000.00.**

9.    Additionally, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.

10.    The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1)." *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 882–83 (5th Cir. 2000). "The defendant may prove that amount either by demonstrating that the claims are likely above $75,000.00 in sum or value, or by setting forth facts in controversy that support a finding of the requisite amount." *Id*.

11.    To meet this burden, the defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and, if contested, a court will determine whether the threshold is met by a preponderance of the evidence. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553-54 (2014); *see also Yor-Wic Constr. Co., Inc. v. Eng'g Design Techs, Inc.*, 2017 WL 3447808, at *2 (W.D. La. Aug. 9, 2017).

12.    A removing defendant can meet this burden in two ways: "(1) by demonstrating that it was facially apparent from the allegations of the state court petition that the amount in controversy exceeded the $75,000.00 jurisdictional threshold, or (2) by offering

summary-judgment type evidence of the facts in controversy, which support a finding that the requisite amount was in controversy." *Bienemy v. Hertz Corp.*, No. 16-15413, 2016 WL 6994200, at *2 (E.D. La. Nov. 30, 2016) (Morgan, J.).

13.    The Court should consider claims for statutory damages and attorneys' fees when ascertaining the amount in controversy. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also Henderson v. Allstate Fire & Cas. Ins. Co.*, 154 F. Supp. 3d 428, 433 (E.D. La. 2015).  As noted in Paragraph 3 above, Plaintiffs in this case allege that State Farm is obliged to comply with the appraisal process provided for in Plaintiffs' Policy and La. R.S. 22:1892(G).  Plaintiffs also seek to recover contractual damages and statutory penalties.

14.    It is facially apparent from the allegations of the Petition that the amount in controversy exceeds the jurisdictional threshold under 28 U.S.C. § 1332(a).  Plaintiffs affirmatively allege that they submitted proof of loss totaling $117,733.98 in the form of an estimate prepared by JND Logistics, LLC.  *Exhibit A*, ¶ 11.  According to the Petition, Plaintiffs seek payment under Coverage A of $106,698.98 ($117,733.98 less the $11,035.00 (deductible)). *Id.*  Thus, the amount in controversy exceeds the jurisdictional threshold, even before consideration of Plaintiffs' claim for statutory penalties.

15.    While State Farm admits neither liability nor any element of damages, the contractual benefits demanded by Plaintiffs exceeds $75,000.00 and thus satisfies the requirement for amount in controversy under 28 U.S.C. § 1332(a).

## II.    VENUE

16.    Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

### III.    PROCEDURAL REQUIREMENTS

17.     Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---|---|
| A. | Plaintiffs' Motion For Expedited Order to Compel Appraisal and Incorporated Memorandum |
| B. | Plaintiffs' JND Logistics, LLC estimate |
| C. | Copy of the State Court Record |
| D. | State Farm's Certificate of Compliance |

18.     This Notice of Removal is being filed within thirty (30) days of State Farm's receipt of service of the citation and Plaintiffs' Petition on June 12, 2023, and is thus timely filed under 28 U.S.C. § 1446(b).  There exists an actual and justiciable controversy between Plaintiffs and State Farm with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

19.     Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice. *Exhibit C.*

20.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same. *Exhibit D.*

21.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the Clerk of the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana promptly after filing of same. *Exhibit D.*

22.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served consent to the removal of this action, as State Farm is the sole defendant named in Plaintiffs' Petition.

4328533v.1

23.    The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and the Local Civil Rules of this District Court.

**WHEREFORE**, Defendant, State Farm Fire and Casualty Company, prays that this Notice of Removal will be deemed good and sufficient and that this matter will be accepted onto this Court's docket.

Respectfully submitted,

*/s/ Katelyn N. McGibney*
Dorothy H. Wimberly [T.A.], La. Bar No. 18509
Katelyn N. McGibney, La. Bar No. 39979
Stone Pigman Walther Wittmann L.L.C.
909 Poydras Street, Suite 3150
New Orleans, Louisiana 70112
Telephone: (504) 581-3200
Facsimile: (504) 581-3361
Email: dwimberly@stonepigman.com
        kmcgibney@stonepigman.com
*Attorneys for State Farm Fire and Casualty Company*

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Notice of Removal has been served upon all counsel of record by placing same in the United States mail, postage prepaid and properly addressed and by e-mail, this 23rd day of June, 2023.

*/s/ Katelyn N. McGibney*
Katelyn N. McGibney

4328533v.1